IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : <br>: <br>: <br>: <br>: | CIVIL ACTION<br><br>NO. |
| and | : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 ANNUITY FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : <br>: <br>: <br>: <br>: | |
| and | : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 JOB RECOVERY FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : <br>: <br>: <br>: <br>: | |
| and | : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 APPRENTICE FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : <br>: <br>: <br>: <br>: | |
| and | : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 INDUSTRY ADVANCEMENT FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : <br>: <br>: <br>: <br>: | |
| and | : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 VACATION FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : <br>: <br>: <br>: <br>: | |

        and                      :

**INTERNATIONAL UNION OF PAINTERS AND**    :
**ALLIED TRADES DISTRICT COUNCIL NO. 21**  :
**SCHOLARSHIP FUND**                              :
2980 Southampton-Byberry Road              :
Philadelphia, PA 19154                            :

        and                      :

**INTERNATIONAL UNION OF PAINTERS AND**    :
**ALLIED TRADES DISTRICT COUNCIL NO. 21**  :
**FINISHING TRADES OF THE MID-ATLANTIC**  :
**REGION**                                                     :
2980 Southampton-Byberry Road              :
Philadelphia, PA 19154                            :

        and                      :

**JOSEPH ASHDALE, TRUSTEE**                   :
International Union of Painters and Allied Trades  :
District Council No. 21 Health and Welfare Fund  :
2980 Southampton-Byberry Road              :
Philadelphia, PA 19154                            :

        and                      :

**INTERNATIONAL UNION OF PAINTERS AND**    :
**ALLIED TRADES DISTRICT COUNCIL NO. 21**  :
2980 Southampton-Byberry Road              :
Philadelphia, PA 19154                            :

                        Plaintiffs,         :

                        v.                  :

**3-R PAINTING COMPANY, LLC.**                :
55 Laird Avenue                                   :
Neptune City, NJ 07753                          :

                        Defendant.         :

# COMPLAINT

## The Parties

1.  Plaintiffs International Union of Painters and Allied Trades District Council No. 21 Health and Welfare Fund, International Union of Painters and Allied Trades District Council No. 21 Annuity Fund, International Union of Painters and Allied Trades District Council No. 21 Job Recovery Fund, International Union of Painters and Allied Trades District Council No. 21 Apprentice Fund,, International Union of Painters and Allied Trades District Council No. 21 Industry Advancement Fund, International Union of Painters and Allied Trades District Council No. 21 Vacation Fund, International Union of Painters and Allied Trades District Council No. 21 Scholarship Fund, International Union of Painters and Allied Trades District Council No. 21 Finishing Trades Institute of Mid-Atlantic Region, (collectively "Plaintiff Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. Section 1002(3), with their principal office located 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial district. Plaintiff Funds are due and owing relief sought from 3-R Painting Company, Inc., as set forth below.

2.  Plaintiff Joseph Ashdale, a trustee of Plaintiff Health and Welfare Fund, acts as a fiduciary on behalf of Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquency contributions, and brings this action in such capacity on behalf of all Plaintiff Funds having been so authorized by the Trustees of each of the Plaintiff Funds.

3.  Plaintiff International Union of Painters and Allied Trades District Council No. 21 (hereafter "Plaintiff Union") is an unincorporated labor organization within the meaning of Section

3(5) of the Labor Management Relations Act of 1947 (hereafter the "LMRA"), as amended, 29 U.S.C. §185 with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of Defendant.

4. Defendant, 3-R Painting Company, Inc. (hereafter "Defendant") is a New Jersey corporation with its principal office located at 55 Laird Avenue, Neptune City, New Jersey, 07753.

5. Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement(s) in the Commonwealth of Pennsylvania.

6. Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185; and Section 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

## Jurisdiction & Venue

7. Jurisdiction of the District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that Defendant is an employer within the meaning of the LMRA, and party to a collective bargaining agreement(s) which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

8. Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of ERISA, 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because Plaintiff Funds, are administered in this judicial district.

## Cause of Action
### Count I - Delinquency Liability

9. Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant make certain contributions on a timely basis to Plaintiff Funds and remit certain payments to Plaintiff Union.

10. Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports setting forth the hours worked by employees covered under the collective bargaining agreement(s), and to remit contributions to Plaintiff Funds, at rates commensurate with those required under the collective bargaining agreement(s), for all hours worked. Notwithstanding the obligations contained in said collective bargaining agreement(s), Defendant has failed to remit the required fringe benefit contributions.

11. Defendant has employed workers for whom it has failed to remit the required benefit contributions for the periods of August 2013 through September 2013, thus resulting in a delinquency of at least $4,488.36, including liquidated damages and interest.

12. These amounts may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed under the collective bargaining agreement(s).

13. Defendant has been notified of its delinquencies, but has failed or refused to make appropriate and timely payments as required. (Please see attached Exhibit A).

### Count II - Audit Liability

14. Pursuant to its collective bargaining agreement with Plaintiffs' Union, Defendant is required to submit to an audit of its books and records, performed by an auditor appointed by the Funds, to determine whether Defendant is making the required fringe benefit contributions to

Plaintiff Funds.

15. An audit was completed on March 26, 2015, for the period May 1, 2013 through December 31, 2014, finding a delinquency of $9,375.37, including liquidated damages, interest and cost of audit.

16. These amounts may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed under the collective bargaining agreement(s).

17. Defendant has been notified of amounts due under the audit, but has failed or refused to make appropriate and timely payments as required. (Please see attached Exhibit A).

## Count III - Administrative Processing Fee Liability

18. On June 1, 2013, pursuant to the collective bargaining agreement and welfare fund trust declaration, the Funds implemented a requirement that all employers must submit contribution reports and payments via I-Remit Electronic Reporting Filing or be subject to a $50.00 administrative processing charge. (Please see attached Exhibit B).

19. From June 2015 through present, Defendant has failed to submit contribution reports and payments via I-Remit, thus resulting in an administrative processing charge of $550 through present.

20. These amounts may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed under the collective bargaining agreement(s).

21. Defendant has been notified of the administrative processing charge, but has failed or refused to make appropriate and timely payments as required.

22.     Specifically, on December 21, 2015, Defendant emailed the Funds, indicating its refusal to use I-Remit and/or pay an administrative processing charge. (Please see attached Exhibit C).

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

    a.    Judgment in the amount as may be due and owing when this cause of action reaches judgment;

    b.    An accounting and audit of all amounts due to the various benefit funds, based upon examination of Defendant's payroll records;

    c.    Reasonable counsel fees, interest and costs of suit, including costs of audit;

    d.    Liquidated damages, as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

    e.    Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

    f.    Other relief as the Court deems just and proper.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: *[signature]*
NICHOLAS J. BOTTA
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: April 15, 2016